IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01285-LTB-MEH

IRA M. DURY,

    Plaintiff,

v.

IRELAND, STAPLETON, PRYOR & PASCOE, P.C., a Colorado professional corporation, and MICHAEL R. MILLER, an individual,

    Defendants.

## PROTECTIVE ORDER

    The Court enters this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of CONFIDENTIAL Information (as hereinafter defined) and, as grounds therefor, states as follows.

    1.    In this action, the Parties anticipate seeking CONFIDENTIAL Information (as defined in paragraph 4 below) during discovery, including questions concerning CONFIDENTIAL Information in the course of depositions. The Parties assert that the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. This Protective Order is entered for the purpose of preventing the disclosure and use of CONFIDENTIAL Information except as set forth herein.

    2.    This Protective Order shall apply to all documents, materials and information, including without limitation, documents produced, answers to interrogatories, responses to

requests for admission, deposition testimony and other information disclosed pursuant to the Federal Rules of Civil Procedure.

    3.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

    4.    "CONFIDENTIAL Information" means any document, file, portions of files, transcribed testimony or response to a discovery request, including any extract, abstract, chart, summary, note or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraphs 9 and 10 below that is CONFIDENTIAL, implicates common law and/or statutory privacy interests, or includes all other materials reflecting, referring to or evidencing any documents or information within the scope of Fed. R. Civ. P. 26(c)(7). CONFIDENTIAL Information shall not be disclosed or used for any purpose except for the preparation and trial of the above-captioned case.

    5.    CONFIDENTIAL Information shall not, without the consent of the party producing it or by Court order, be disclosed to any person or entity, except that such CONFIDENTIAL Information may be disclosed to:

    a.    attorneys of record in this case;

    b.    persons regularly employed or associated with the attorneys of record in this case whose assistance is required in the preparation for trial, at trial or at other proceedings in this case;

    c.    the parties, including designated representatives and counsel for the parties;

d. expert witnesses and consultants retained in connection with this case, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

e. the Court and its employees ("Court Personnel");

f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case;

g. deponents, witnesses or potential witnesses; and

h. other persons by written agreement of the parties.

6. Prior to disclosing any CONFIDENTIAL Information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person an affidavit, in the form of Exhibit A, stating that he or she has read this Protective Order and agrees to be bound by its provisions.

7. The Party's counsel who discloses CONFIDENTIAL Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such CONFIDENTIAL Information is disclosed and shall obtain and retain the original affidavits signed by recipients of CONFIDENTIAL Information. The affidavits shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

8. Individuals authorized to review CONFIDENTIAL Information pursuant to this Protective Order shall hold CONFIDENTIAL Information in confidence and shall not divulge the CONFIDENTIAL Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by Court order.

9. Where CONFIDENTIAL Information is produced, provided or otherwise disclosed by a Party in response to any discovery request or disclosure obligation, it will be designated in the following manner:

    a. by imprinting the word "CONFIDENTIAL" on the first page or cover of any document produced (in a manner that will not interfere with its legibility);

    b. by imprinting the word "CONFIDENTIAL" next to or above any response to a discovery request (in a manner that will not interfere with its legibility); and

    c. by designating and identifying, in writing, those portions of electronically produced information which contains CONFIDENTIAL Information.

10. Whenever a deposition involves the disclosure of CONFIDENTIAL Information, the deposition, or portions thereof, shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription by giving written notice of the designation to all counsel of record no later than fifteen (15) days after delivery of the transcript.

11. A party may object to the designation of particular CONFIDENTIAL Information by giving written notice to the party designating the disputed information. The written notice shall identify the specific grounds of objection to the designation. All counsel shall then, in good faith, attempt to resolve any dispute concerning such designation. If after such good faith attempt, counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within fourteen (14)

days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have CONFIDENTIAL Information status from the time it is produced until the ruling by the Court on the motion.

12. In the event CONFIDENTIAL Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its CONFIDENTIAL status as between the parties through such use. CONFIDENTIAL Information and pleadings or briefs quoting or discussing CONFIDENTIAL Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.Colo.L.Civ.R. 7.2 and 7.3 and demonstrate that the CONFIDENTIAL Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

13. No copies of CONFIDENTIAL Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

14. During the pendency of this litigation, counsel shall retain custody or control of CONFIDENTIAL Information, and copies made therefrom pursuant to paragraph 13 above.

15. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

16. In the event any person shall violate or threaten to violate any of the terms of this Protective Order, the aggrieved party may seek any appropriate remedy from the Court and no party shall raise as a defense to a request for injunctive relief that the aggrieved party has an adequate remedy at law.

17. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of CONFIDENTIAL Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

18. Unless other arrangements are agreed upon by all counsel of record, within forty-five (45) days of the termination of this litigation, including any appeals, each Party's counsel shall return to the producing party all CONFIDENTIAL Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom. Alternatively, the parties may agree to destroy CONFIDENTIAL Information. If the parties agree to destroy CONFIDENTIAL Information, the destroying party shall provide all parties with an affidavit confirming the destruction of the CONFIDENTIAL Information within forty-five (45) days of the termination of this litigation, including appeals. At that time, counsel shall also file under seal with this Court the list of individuals who have received CONFIDENTIAL Information which counsel shall have maintained pursuant to paragraphs 6 and 7 herein, and counsel shall provide the Court with verification that any of counsel's work product referencing CONFIDENTIAL Information has been destroyed.

19. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of

Civil Procedure, or from filing a motion with respect to the manner in which CONFIDENTIAL Information shall be treated at trial.

20. This Protective Order may be modified by the Court at any time for good cause shown, following notice to all parties and an opportunity for them to be heard.

DATED this 30th day of January, 2009, in Denver, Colorado.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01285-LTB-MEH

IRA M. DURY,

    Plaintiff,

v.

IRELAND, STAPLETON, PRYOR & PASCOE, P.C., a Colorado professional corporation, and MICHAEL R. MILLER, an individual,

    Defendants.

**AFFIDAVIT**

STATE OF _____ )
                              ) ss
COUNTY OF _____ )

_____, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order entered in the above-captioned civil action, a copy of which has been provided to me.

2. I have been informed by _____, Esq., counsel for _____, that certain materials provided to me are CONFIDENTIAL Information as defined in the Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge, to any person or recording device any CONFIDENTIAL Information shown or told to me except as

authorized in the Protective Order. I will not use the CONFIDENTIAL Information for any purpose other than this litigation.

    4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the Court in the above-captioned civil action.

    5. I will abide by the terms of the Protective Order.


DATED: _____

_____
Signature

_____
Print or Type Name

Address:

_____

_____

Telephone Number:

_____

SUBSCRIBED AND SWORN before me this \_\_\_\_ day of _____, 2009, by _____.

WITNESS my hand and official seal.


[SEAL]

_____
Notary Public

My Commission expires: _____