IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01285-LTB-MEH

IRA M. DURY,

    Plaintiff,

v.

IRELAND, STAPLETON, PRYOR & PASCOE, P.C., a Colorado professional corporation, and
MICHAEL R. MILLER, an individual,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on June 25, 2009.**

    The Stipulated Motion to Modify Scheduling Order [filed June 24, 2009; docket #47] is **granted**. Certain deadlines and dates in this matter are reset as follows; all other deadlines and dates remain the same:

> Deadline for Plaintiff's Fed. R. Civ. P. 26(a)(2) Expert Disclosures: Friday, **July 31, 2009**;
> Deadline for Defendants' Fed. R. Civ. P. 26(a)(2) Expert Disclosures: Monday, **August 31, 2009**;
> Deadline for Expert Discovery: Wednesday, **September 30, 2009**; and

    The Settlement Conference set for Monday, July 20, 2009, at 10:00 a.m. is hereby **vacated** and **rescheduled** to Monday, **October 19, 2009, at 10 a.m.** The conference will take place in Courtroom 203 on the second floor of the Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado.

    Counsel <u>shall have all parties present</u>, including, but not limited to, an adjustor if an insurance company is involved, who shall have <u>full authority</u> to negotiate all terms and demands presented by the case, and <u>full authority</u> to enter into a settlement agreement. "Full authority" means that the person who attends the settlement conference has the complete and unfettered capacity and authority to meet or pay all terms or amounts which are demanded or sought by the other side of the case without consulting with some other person, committee or agency. If any person has limits upon the extent or amount within which he or she is authorized to settle on behalf of a party, that person does not have "full authority." **This requirement is not fulfilled by the presence of counsel or an insurance adjustor alone**.

In exceptional circumstances only, the appearance or insurance representative by telephone may be approved in advance of the conference by Chambers. Any party seeking such relief should confer with opposing counsel before contacting Chambers directly at 303-844-4507.

No person is ever required to settle a case on any particular terms or amounts. However, if any person attends the settlement conference without full authority, or if a party or insurance representative fails to attend the settlement conference without prior Court approval, and the case fails to settle, that party may be ordered to pay the attorney's fees and costs for the other side. Furthermore, if, prior to the conference, one or both parties believe that the matter may not be ripe for negotiations, the parties may contact Chambers to reschedule the conference to a more appropriate time.

So that we may hold productive settlement discussions on the day of the conference, **counsel shall prepare and submit two settlement documents**: one to be submitted to the other party or parties, and the other to be submitted by email only to the Magistrate Judge.

The document(s) which are presented to opposing counsel shall contain an overview of the case from the presenter's point of view, shall summarize the evidence which supports that side's claims, and may present a demand or offer. These documents should be intended to persuade the opposing clients and counsel.

The second document shall be emailed to the Magistrate Judge (not submitted for filing to the court) at *Hegarty_Chambers@cod.uscourts.gov*. This document shall contain the content or copies of the first document along with any confidential comments the party or counsel wishes to make, including any comments with regard to perceived weaknesses in the case and any comments which would be helpful to the Magistrate Judge in assisting the parties to negotiate a settlement.

The settlement documents shall be submitted **no later than five business days** prior to the date of the settlement conference. Statements and exhibits consisting of more than 30 pages are to be submitted to Chambers in hard copy via regular mail or hand delivery.

Please remember that anyone seeking entry into the Byron G. Rogers United States Courthouse will be required to show a valid photo identification. See D.C. Colo. LCivR 83.2B.