**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No. 08-cv-01285-LTB-MEH

IRA M. DURY,

    Plaintiff,

v.

IRELAND, STAPLETON, PRYOR & PASCOE, P.C., a Colorado Professional Corporation, and MICHAEL R. MILLER, an individual,

    Defendants.

_____

**ORDER**
_____

This attorney malpractice case is before me on Defendants, Ireland, Stapleton, Pryor & Pascoe, P.C., and Michael R. Miller's, Motion to Dismiss Claims for Breach of Fiduciary Duty, Nondisclosure, and Non-Economic Damages for Failure to State Claims upon which Relief can be Granted [**Docket # 32**], Plaintiff's Response [**Docket # 41**], and Defendants' Reply [**Docket # 51**]. Oral argument would not materially assist the determination of this motion. After consideration of the motion, the papers, and the case file, and for the reasons stated below, I DENY Defendants' Motion to Dismiss [**Docket # 32**].

### I.  BACKGROUND

The relevant facts alleged in the Amended Complaint and Jury Demand [**Docket # 2**] are as follows.  Plaintiff loaned money to a group of businesses—termed the "Trinity Entities"—founded, owned, and operated, in large part by Melissa Malone, Lorraine Ciccone, and Melissa Shellito. The Trinity Entities failed to repay Plaintiff the monies loaned. As a result, Plaintiff filed a recovery action in Colorado state court on July 18, 2007. On August 10,

2007, the Trinity Entities filed a petition for Chapter 11 bankruptcy protection in the United States District Court for the District of Colorado—thereby staying prosecution of the Colorado state court action.

In connection with the loans—which totaled over $1 million—Plaintiff employed the services of Defendant Miller, a partner at Defendant law firm Ireland, Stapleton, Pryor & Pascoe, P.C. ("Ireland firm") to draft promissory notes and other documents. Although Defendants Miller and the Ireland firm also represented Ms. Malone, Ms. Ciccone, and the Trinity Entities in these and other transactions, Defendants Miller and the Ireland firm did not advise Plaintiff to seek independent counsel nor did they ask Plaintiff to execute a written conflict waiver.

Defendants—despite being employed by Plaintiff—took positions that were adverse to Plaintiff's interests and were to the benefit of Ms. Malone, Ms. Ciccone, and the Trinity Entities. Defendants disclosed privileged information to Ms. Malone that was gathered during the representation of Plaintiff. Despite knowing that Ms. Malone had taken, and continued to take, certain actions with respect to the Trinity Entities that harmed the likelihood of Plaintiff being repaid for the loans—loans that were facilitated by the documents prepared by Defendants on Plaintiff's behalf—Defendants failed to disclose this information to Plaintiff while Defendants were in Plaintiff's employ.

Plaintiff filed the present Amended Complaint and Jury Demand on August 22, 2008. [**Docket # 2**]. The Complaint alleges three claims for relief: a claim of professional negligence alleging that Defendants failed to act with the standard of care applicable to attorneys practicing in Colorado ("Claim One"); a claim that Defendants breached fiduciary duties owed Plaintiff ("Claim Two"); and a claim that Defendants—if they were not acting as Plaintiff's counsel in the

transactions described—tortiously failed to disclose this fact to Plaintiff ("Claim Three"). Defendants now move to dismiss Claims Two and Three, as well as Plaintiff's claims for non-economic damages, on the grounds that Plaintiff fails to state a claim for which relief may be granted under FED. R. CIV. P. 12(b)(6).

## II.  STANDARD OF REVIEW

Granting a motion to dismiss is a harsh remedy which must be exercised with caution to protect the liberal rules of pleading and the interests of justice. *See Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989). Thus, the Federal Rules of Civil Procedure erect a powerful presumption against rejecting pleadings for failure to state a claim. *Id*. Nonetheless, a claim "may be dismissed either because it asserts a legal theory not cognizable as a matter of law or because the claim fails to allege sufficient facts to support a cognizable legal claim." *Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004).

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, a district court must accept as true all factual allegations in the complaint. *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). Legal conclusions—while they "can provide the framework of a complaint"—must therefore "be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id* at 1949–50.

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*, 129 S.

Ct. at 1950. If the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the Court should dismiss the claim. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007); *see also Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic*, 127 S. Ct. at 1974). "Plausibility," however, does not refer to the likelihood that the allegations can be proven or even that the allegations are true. *See id.*

Determining "whether a complaint states a plausible claim" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See Ashcroft*, 129 S. Ct. at 1950. While the factual allegations need not be pleaded in great detail, they must be sufficiently precise to raise a right to relief above the speculative level. *See Bell Atlantic*, 127 S. Ct. at 1964–65, 1969 (abrogating the rule of *Conley v. Gibson*, 355 U.S. 41, 44–45 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). The "mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but not shown—that

4

the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (internal formatting omitted). Accordingly, "within the context of the claim alleged, the complaint must contain enough specific allegations of fact to show that if all the alleged facts—and only the alleged facts—are believed to be true, the plaintiff has a claim for relief." *Knox*, 566 F. Supp. 2d at 1222; *see Bell Atlantic*, 127 S. Ct. at 1965; *Robbins*, 519 F.3d at 1247–48.

### III. ANALYSIS

Although Plaintiff raises only state law claims in this case, the matter is before me on diversity jurisdiction. A federal court sitting in diversity applies the substantive law of the forum state. *See Mincin v. Vail Holdings, Inc.*, 308 F.3d 1105, 1108 (10th Cir. 2002). The Colorado Supreme Court is the final authority on Colorado law. *See Fid. Union Trust Co. v. Field*, 311 U.S. 169, 177–78 (1940). When I am called upon to interpret Colorado law, therefore, I must first look to rulings of the Colorado Supreme Court. *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 899 (10th Cir. 2006). If no applicable rulings exist, I must endeavor to predict how the Colorado Supreme Court would rule. *Id.* In such circumstances, I must follow any intermediate state court decision unless other authority demonstrates the Colorado Supreme Court would decide otherwise. *Daitom, Inc. v. Pennwalt Corp.*, 741 F.2d 1569, 1574 (10th Cir. 1984). The policies underlying the applicable legal doctrines, the doctrinal trends indicated by these policies, and the decisions of other courts may also inform my analysis. *Id.* at 1574–75.

#### A. Breach of Fiduciary Duty—Claim Two

Defendants argue Plaintiff's claim for breach of fiduciary duty is duplicative with his claim of professional negligence and therefore must be dismissed. I disagree. Initially, I note that "even if the recovery sought was identical . . . it is well established that a plaintiff may seek

5

alternative theories of recovery, even when only one of those theories could actually bear fruit at trial." *See Bd. of County Comm'rs of County of La Plata v. Brown*, 598 F. Supp. 2d 1185, 1192–93 (D. Colo. 2009) (citing cases). Federal Rule of Civil Procedure 8(d) and Tenth Circuit authority allow a plaintiff "to pursue alternative and legally inconsistent theories up until the point where one of the inconsistent theories prevails to the exclusion of the others." *See id.* at 1193. Accordingly, "Rule 12(b)(6) dismissal is unavailable on that basis." *See id.*

Moreover, Colorado courts recognize that legal malpractice claims are not inherently identical to claims for breach of fiduciary duty by an attorney: "Legal malpractice actions based on negligence concern violations of a standard of care, whereas legal malpractice actions based on a breach of fiduciary duty concern violations of a standard of conduct. . . . [W]hile legal malpractice actions may involve a simultaneous breach of trust, a claimed fiduciary violation may also be separate and independent from any alleged negligence." *Smith v. Mehaffy*, 30 P.3d 727, 733 (Colo. Ct. App. 2000); *see also Martinez v. Badis*, 842 P.2d 245, 251–52 (Colo. 1992); *Aller v. Law Office of Carole C. Schriefer, P.C.*, 140 P.3d 23, 27–28 (Colo. Ct. App. 2005). Where "a claimed fiduciary violation is separate and independent from any alleged negligence, separate claims may well be properly asserted." *Moguls of Aspen, Inc. v. Faegre & Benson*, 956 P.2d 618, 621 (Colo. Ct. App. 1997). Accordingly, when an attorney's alleged misconduct can "be characterized as something other than professional negligence," a jury can properly find for a plaintiff on both claims. *See Aller*, 140 P.3d at 28.

Plaintiff's complaint includes sufficient allegations of actions that can "be characterized as something other than professional negligence." Plaintiff alleges Defendant Miller received an undisclosed "cash gift" and other payments from Ms. Malone and had an attendant financial

6

interest in protecting Ms. Malone's control over the Trinity Entities. To this end, Defendant Miller concealed from Plaintiff that Ms. Malone improperly took monies belonging to the Trinity Entities for her own personal needs; acted in collusion with Ms. Malone and Ms. Ciccone to secure monies from the Trinity Entities which they were not properly due, and to secure loans from Plaintiff with knowledge that the loans would not be repaid; and, with assistance from Defendant Ireland firm, acted to divest Plaintiff of his position within the Trinity Entities and to harm Plaintiff's financial position as it related to the Trinity Entities. These acts—while they have some bearing on Plaintiff's professional negligence claims—support the additional breach of fiduciary duty claim. *See Aller*, 140 P.3d at 28–29 (finding a breach of fiduciary duty claim distinct from a professional negligence claim when the attorney is alleged to have abused his position of trust with the client for his own financial gain, or when the attorney is alleged to have acted with malice, oppression, bad faith, fraud, or a heedless disregard of the consequences). Accordingly, while Plaintiff will eventually bear the burden to proffer evidence supporting his allegations, dismissal is inappropriate at this time.

### B.  Nondisclosure—Claim Three

In Claim Three, Plaintiff alleges that—if Defendants were not, in fact, acting as his counsel—Defendants had a duty to disclose this to him. It is not entirely clear from the language of the Amended Complaint whether Plaintiff alleges a claim for intentional nondisclosure or a claim for negligent nondisclosure. As Colorado courts recognize both types of nondisclosure claims, however, Defendants motion to dismiss must be denied if Plaintiff has alleged sufficient facts to support either claim. *See Bd. of County Comm'rs*, 598 F. Supp. 2d at 1202 (holding "where it is not entirely clear from the language" of a complaint whether the plaintiff seeks

allowable relief, a motion to dismiss should be denied so long as the plaintiff adequately states one possible claim on which relief may be granted) (citing *Res. Exploration & Mining, Inc. v. Itel Corp.*, 492 F. Supp. 515, 516 (D. Colo. 1980))).

The elements of a claim of intentional nondisclosure under Colorado law are: (1) the defendant concealed or failed to disclose a fact that he had a duty to disclose; (2) the fact was material; (3) the defendant concealed or failed to disclose the fact with the intent of creating a false impression of the actual facts in the mind of the plaintiff; (4) the defendant concealed or failed to disclose the fact with the intent that the plaintiff take a course of action he might not have taken had he known the actual facts; (5) the plaintiff took such course of action relying on the assumption that the concealed or undisclosed fact did not exist or was different from what it actually was; (6) the plaintiff's reliance was justified; and (7) this reliance caused injuries, damages, or losses to the plaintiff.  *See* COLO. JURY INSTR., Civil 19:2 (4th ed.).

Although intent is generally an element of nondisclosure, an attorney can be liable for negligent nondisclosure when he fails to exercise reasonable care or competence in communicating materially incomplete information to a non-client regarding a matter in which the attorney should reasonably foresee the non-client will rely on the incomplete information. *See Smith v. Boyett*, 908 P.2d 508, 513–14 (Colo. 1995) (holding "the plaintiff may establish knowing concealment by showing that the defendant either made an affirmative misrepresentation or failed to disclose material information that he had a duty to disclose. . . . [I]n most instances a plaintiff will have to prove knowing concealment through inference and indirect evidence . . . that the [defendant] knew of his own negligence and concealed it from the plaintiff"); *Mehaffy, Rider, Windholz & Wilson v. Central Bank Denver, N.A.*, 892 P.2d 230,

236–37 (Colo. 1995) (holding an attorney may be liable for negligent misrepresentation to a non-client when the attorney acted on behalf of the client for the purpose of inducing the non-client to enter a business transaction with the client) (adopting RESTATEMENT (SECOND) OF TORTS § 552 (1977)); *see also Sheffield Services Co. v. Trowbridge*, __P.3d__, 2009 WL 1477003, at *9 (Colo. Ct. App. May 28, 2009) (citing *Campbell v. Summit Plaza Associates*, 192 P.3d 465, 477 (Colo. Ct. App. 2008)).

Plaintiff alleges the following facts in support of his nondisclosure claim: Defendants provided Plaintiff with legal advice and assistance on matters relating to the Trinity Entities and Ms. Malone and acted as a mediator between Plaintiff and the Trinity Entities and Ms. Malone when Plaintiff raised concerns about the Trinity Entities' finances; Plaintiff believed Defendants were acting as his counsel and communicated this understanding to Defendants; Plaintiff, relying on this belief, communicated confidential information to Defendants that was subsequently revealed to the Trinity Entities and/or Ms. Malone; Defendants were not, in fact, acting as Plaintiff's counsel; Defendants failed to disclose to Plaintiff that they were not acting as his counsel; Defendants, in fact, were acting as counsel for the Trinity Entities and Ms. Malone in these matters; Defendants were required by the Colorado Rules of Professional Conduct to either advise Plaintiff to seek the advice of independent counsel or, if Plaintiff chose not to do so, to require Plaintiff to execute a written conflict waiver for any matter related to the Trinity Entities or Ms. Malone; Defendants failed to advise Plaintiff to seek independent counsel for matters related to Ms. Malone and the Trinity Entities; Defendants did not require Plaintiff to execute a written conflict waiver for matters related to the Trinity Entities or Ms. Malone; Plaintiff relied on his understanding that Defendants were acting as his counsel when he asked Defendants to

prepare five documents related to capital contributions and loans Plaintiff made to the Trinity Entities and when he asked Defendants for legal advice related to a loan guarantee that favored the Trinity Entities; Defendants, by virtue of their position as counsel for Ms. Malone and the Trinity Entities, were aware of information that harmed the likelihood of Plaintiff being repaid these loans; Defendants did not communicate this information to Plaintiff; Plaintiff suffered damages in the form of the unrepaid loans and other damages.

In light of my holding regarding Plaintiff's breach of fiduciary claim above, I am likewise inclined to find that Plaintiff has alleged conduct on the part of Defendants that amounts to more than simple negligence. Even without such a finding, however, Plaintiff's allegations are clearly sufficient to support a negligent nondisclosure claim. Accordingly, dismissal is inappropriate at this time. *See Bd. of County Comm'rs*, 598 F. Supp. 2d at 1202 ("where it is not clear that the complaint fails to state a claim, a motion to dismiss should be denied").

### C.  Non-Economic Damages

Defendants argue Plaintiff's claims are based upon negligence and, accordingly, that non-economic damages are unavailable unless Plaintiff can show he was subjected to an unreasonable risk of bodily harm. *See Aller*, 140 P.3d at 26–27. No such allegation is found in the Amended Complaint. Accordingly, Defendants argue any claims for non-economic damages must be dismissed. As noted above, however, Plaintiff has alleged conduct amounting to more than negligence.

Plaintiff concedes non-economic damages are unavailable on his professional negligence claim, and I do not address this claim here. Turning to Plaintiff's breach of fiduciary duty and nondisclosure claims—to the extent Plaintiff's damages are distinct from those attendant to his

professional negligence claim—Colorado courts recognize non-economic damages resulting from these causes of action.  *See Genova v. Longs Peak Emergency Physicians, P.C.*, 72 P.3d 454, 460 (Colo. Ct. App. 2003); *Anson v. Trujillo*, 56 P.3d 114, 120 (Colo. Ct. App. 2002); *see also Micale v. Bank One N.A. (Chicago)*, 382 F. Supp. 2d 1207, 1224 (D. Colo. 1995) ("At a minimum, a plaintiff is entitled to all actual damages for its breach of fiduciary duty and negligence claims.  Actual damages include economic damages as well as non-economic damages."); *T.A. Pelsue Co. v. Grand Enterprises, Inc.*, 782 F. Supp. 1476, 1487 (D. Colo. 1991).  The Colorado Civil Jury Instructions also refer to non-economic damages as within the proper measure of recovery for both claims.  *See* COLO. JURY INSTR., Civil 26:5 (4th ed.); COLO. JURY INSTR., Civil 19:17 (4th ed.).  To the extent Plaintiff alleges non-economic damages independent of his professional negligence claim, therefore, such damages are properly recoverable.

## IV.  CONCLUSION

Accordingly, Defendants' Motion to Dismiss Claims for Breach of Fiduciary Duty, Nondisclosure, and Non-Economic Damages for Failure to State Claims upon which Relief can be Granted [**Docket # 32**] is DENIED.

Dated: July   14  , 2009.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Judge